UNITED STATES DISTRICT COURT
FOR THE
DISTRICT OF VERMONT

| | |
|---|---|
| STEVEN P. BRADBURY, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 2:24-cv-599 |
| ) | |
| CITY OF MONTPELIER; CITY OF ) | |
| MONTPELIER POLICE DEPARTMENT, ) | |
| ) | |
| Defendants. ) | |

**ORDER TO SHOW CAUSE**

A review of the docket in this case reveals the following:

1. On May 15, 2024, Plaintiff Steven P. Bradbury, a Vermont resident representing himself, filed a Complaint in the District Court for the Southern District of New York ("SDNY") against Defendants the City of Montpelier, Vermont and the Montpelier Police Department. (Doc. 1.)

2. On May 21, 2024, SDNY transferred the action to this court because venue lies here. That court further noted "[w]hether Plaintiff should be permitted to proceed further without prepayment of fees is a determination to the made by the transferee court." (Doc. 3 at 2.) The case was received in this court on May 30, 2024.

3. On May 31, 2024, the court ordered that Plaintiff pay the full filing free or submit an *in forma pauperis* ("IFP") application demonstrating that he is unable to pay the fee to continue with the action. (Doc. 5.)

4. On June 17, 2024, Plaintiff timely filed an IFP application. (Doc. 6.)

5. On August 5, 2024, the court denied without prejudice to renew the IFP application and ordered Plaintiff to provide the court with a Complaint with his original signature or submit an Amended Complaint. (Doc. 7.)

6. On August 30, 2024, Plaintiff paid the civil case filing fee.

Federal Rule of Civil Procedure 11 requires that "[e]very pleading . . . be signed . . . by a party personally if the party is unrepresented." Fed. R. Civ. P. 11(a). The rule further requires that: "The court must strike an unsigned paper unless the omission is promptly corrected after being called to the . . . party's attention." *Id.* Plaintiff's original signature does not appear on his two-page proposed Complaint. Instead, it contains his name in typewriting. *See* Doc. 1 at 2.

This omission was called to Plaintiff's attention in the court's August 5, 2025 Order. Plaintiff has not promptly corrected the omission or submitted a signed Amended Complaint. For this reason, under Rule 11, the Complaint should be stricken, and the case is subject to dismissal. *See In re Fosamax Prod. Liability Litig.*, 2010 WL 1685726, t * 2 (S.D.N.Y. Apr. 26, 2010) (striking unsigned Complaint and dismissing case without prejudice where plaintiff failed to respond to court order informing plaintiff of omission).

Plaintiff is ORDERED to show cause why his Complaint (Doc. 1) should not be stricken for failure to promptly correct the omission of his signature. Should Plaintiff fail to respond on or before October 18, 2024, this case shall be dismissed without prejudice.

SO ORDERED.

Dated at Burlington, in the District of Vermont, this 13th day of September, 2024.

>                    /s/ Geoffrey W. Crawford
>                    District Judge
>                    United States District Court