UNITED STATES DISTRICT COURT

FOR THE

DISTRICT OF VERMONT

| | |
|---|---|
| STEVEN P. BRADBURY,<br>        Plaintiff,<br><br>v.<br><br>CITY OF MONTPELIER,<br>SAM LAMBERT, Patrolman,<br>HUNTER LANE, Patrolman,<br>DIANE MATTHEWS, Patrol Sargeant,<br>BEN MICHAUD, Patrol Sargeant,<br>KEVIN MOULTON, Deputy Chief,<br>JEFF PEARSON, Detective Sergeant,<br>Individually and, as identified, police<br>Personnel in the MONTPELIER police<br>department,<br>        Defendants | CASE NO. 2:24-cv-00599-gwc |

## CITY OF MONTPELIER'S ANSWER TO AMENDED COMPLAINT

City of Montpelier ("Montpelier"), by and through its attorneys, Carroll, Boe, Pell & Kite, P.C., hereby files its amended Answer to the Amended Complaint and Jury Demand filed by Plaintiff Steven P. Bradbury (hereinafter "Bradbury") as follows:

### INTRODUCTION

1. Denied.

Parties

2. Without information sufficient to formulate a response, therefore denied.

3. Admitted.

Jurisdiction

4. Insofar as paragraph 4 alleges that the Amended Complaint states substantive claims against Defendant Montpelier under 42 U.S.C. § 1983 and 18 U.S.C. § 1962(c), paragraph 4 is denied. Paragraph 4 is admitted insofar as it references 28 U.S.C. § 1332 as the general statutory authority for this Court's original subject matter jurisdiction.

1

Venue

5. Paragraph 5 is admitted insofar as it alleges that Defendant Montpelier is a Vermont municipal entity within the physical jurisdictional limits of the United States District Court for the District of Vermont. Montpelier is without information or knowledge sufficient to formulate a response as to the remainder of the allegations in paragraph 5, therefore denied.

## FACTS COMMON TO ALL COUNTS

6. Denied.

7. Denied.

8. Denied.

9. Without information or knowledge sufficient to formulate a response as to the alleged incident referred to in Paragraph 9, therefore denied.

10. Denied.

## COUNT ONE
(§ 1983 Civil Rights)

11. Defendant Montpelier realleges its responses 1-10 as if fully stated herein by reference.

12. Montpelier denies that Mr. Bradbury has sustained damages as a result of Defendant Montpelier's actions. Without information or knowledge sufficient to identify what actions of Defendant Montpelier are alleged to have occurred as stated within the Amended Complaint, therefore the remaining allegations in Paragraph 12 are denied.

## COUNT TWO
(civil RICO)

13. Defendant Montpelier realleges its responses 1-12 as if fully stated herein by reference.

14. Denied.

## COUNT THREE
(assault and battery)

15. Defendant Montpelier realleges its responses 1-14 as if fully stated herein by reference.

16. Denied.

WHEREFORE, Montpelier demands that judgment be entered in its favor as to all allegations and claims of Plaintiff Bradbury as stated in the Amended Complaint or, in the alternative, that the claims be dismissed with prejudice and that it receive an award of attorney's fees pursuant to 42 U.S.C. § 1988 or otherwise and such other relief as the Court deems just and equitable.

## JURY DEMAND

Montpelier requests a trial by jury on all issues so triable.

## AFFIRMATIVE DEFENSES

1. Failure to state a claim upon which relief can be granted.

2. Sovereign immunity.

3. Qualified immunity to the extent it may apply or become applicable pursuant to 24 V.S.A. § 901a(c).

4. The actions of Montpelier are not the proximate or direct cause of any damages alleged or sustained by the Plaintiff.

5. Subject to proof through discovery, failure to mitigate.

6. Sufficient intervening cause.

7. Privilege.

8. Plaintiff's claim for punitive damages is barred by the due process clause of the Vermont and United States Constitutions.

9. Setoff.

10. The responding Defendant acted at all times in good faith.

11. Plaintiff is not entitled to punitive damages for his claims as stated against Montpelier pursuant to 42 U.S.C. § 1988 or 18 U.S.C. § 1962(c).

12. Statute of limitations to the extent applicable.

13. As a Vermont municipality, Montpelier is not liable for the actions as framed in the Amended Complaint.

14. The Plaintiff's claims in the Amended Complaint are, to the extent applicable, barred by principles of issue preclusion (collateral estoppel) and claim (*res adjudicata*) preclusion.

15. Lack of credible evidence that Defendant Montpelier engaged in racketeering or illegal activity.

16. Lack of credible evidence that Defendant Montpelier engaged in a pattern of racketeering activity.

17. Lack of credible evidence that Defendant Montpelier was involved in a criminal enterprise.

18. Lack of credible evidence that Defendant Montpelier had any knowledge of, or intent to, engage in a criminal enterprise.

DATED at Middlebury, Vermont this 23rd day of December, 2024.

CARROLL, BOE, PELL & KITE, P.C.

BY: _____
James F. Carroll, Esquire
64 Court Street
Middlebury, VT 05753
(802) 388-6711
jcarroll@64court.com
*Attorneys for City of Montpelier*